IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CARMENCITA MARÍA PEDRO,** *et al.*, <br> *Plaintiffs* <br><br> v. <br><br> **HILTON WORLDWIDE, INC.,** *et al.*, <br> *Defendants* | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | **CIVIL ACTION** <br><br><br> **NO. 24-CV-5725** |

**O R D E R**

**AND NOW**, this 16th day of January 2025, upon consideration of Plaintiff Carmencita María Pedro and Kerry Lorenzo Fisher, Jr.'s *Motions to Proceed In Forma Pauperis*, (ECF No. 4 & 5), and Complaint, (ECF No. 1), it is hereby **ORDERED** that:

1. Plaintiffs' motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is **GRANTED**.

2. The Complaint is **DEEMED** filed.

3. The Complaint is **DISMISSED, without prejudice,** for the reasons set forth in the Court's Memorandum.

4. Pedro and Fisher may file an amended complaint within thirty (30) days of the date of this Order as to those claims that are not mooted. Any amended complaint must identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Pedro and Fisher's claims against each defendant. The amended complaint shall be a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim. When drafting their amended complaint, Pedro and Fisher should be mindful of the Court's reasons for dismissing the claims in

their initial Complaint as explained in the Court's Memorandum. Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

5. The Clerk of Court is **DIRECTED** to send Pedro and Fisher a blank copy of this Court's current standard form to be used by a self-represented litigant filing a civil action bearing the above-captioned civil action number. Pedro and Fisher may use this form to file their amended complaint if they choose to do so.

6. If Pedro and Fisher do not wish to amend their Complaint and instead intend to stand on their Complaint as originally pled, they may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case. *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

7. If Pedro and Fisher fail to file any response to this Order, the Court will conclude that Pedro and Fisher intend to stand on their Complaint and will issue a final order dismissing this case.[1] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint

---

[1] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on her complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require

may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend her complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).